J-S21012-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARIAH MORROW | : | |
| | : | |
| Appellant | : | No. 939 WDA 2017 |

Appeal from the Judgment of Sentence April 27, 2017
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000447-2015

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    FILED NOVEMBER 05, 2018

Appellant, Zachariah Morrow, appeals from the judgment of sentence entered on April 27, 2017, following his guilty plea to one count each of involuntary deviate sexual intercourse, incest, aggravated indecent assault, and indecent assault.[1] Upon review, we vacate the portion of Appellant's sentence deeming him to be a sexually violent predator (SVP) and remand for additional proceedings consistent with this memorandum.

We briefly summarize the facts and procedural history relevant to this appeal as follows.  The Commonwealth charged Appellant with multiple sexual abuse and child pornography crimes for conduct that occurred between 2009 and 2015 with his niece, who was six-years-old when the abuse began.  On September 7, 2016, Appellant pled guilty to the crimes as specified above.

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(1), 4302, 3125(a)(1), and 3126(a)(7), respectively.

The trial court accepted Appellant's guilty plea and ordered the Sexual Offender Assessment Board (SOAB) to conduct an evaluation to determine if Appellant was an SVP. N.T., 10/7/2016, at 11. The trial court deferred sentencing until it received the SVP evaluation. Id. The trial court held a sentencing/SVP hearing on April 27, 2017 wherein the Commonwealth presented the testimony of a member of the SOAB who opined that Appellant met the statutory definition of an SVP. N.T., 4/27/2017, at 7. Ultimately, the trial court found "that [Appellant] meets the criterion to be determined a sexually violent predator and he will be sentenced as such[]." Id. at 13. The trial court also sentenced Appellant in accordance to his guilty plea agreement to an aggregate term of five to 15 years of imprisonment for the four aforementioned crimes. The trial court notified Appellant that as an SVP he was required to register "as a tier three sexual offender for [his] lifetime." Id. at 17. The trial court gave Appellant written notice of the SVP registration requirements under "42 Pa.C.S.A. Chapter 97, Subchapter H" (Subchapter H). See Appellant's Brief, Exhibit 2. The trial court, however, did not file a supporting order designating Appellant an SVP. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:[3]

_____

[2] Appellant filed a notice of appeal on May 23, 2017. Appellant and the trial court timely complied with Pa.R.A.P. 1925.

[3] Both of Appellant's issues implicate the legality of his sentence and, thus, we may reach them. See Commonwealth v. Golson, 189 A.3d 994, 1003 n.8 (Pa. Super. 2018) (while issues not raised before the trial court are generally waived for appellate purposes, a challenge to the legality of a sentence is non-waivable).

I.    Whether the sentenc[ing] court erred by finding that [] Appellant met the criteria of a [SVP]?

II.   Whether the sentenc[ing] court erred in sentencing Appellant to an illegal sentence?

Appellant's Brief at 12.

Appellant's arguments are inter-related and we will examine them together.  In his first issue, Appellant claims that his SVP designation is illegal.  Id. at 22-27.  In the alternative, in his second issue presented, Appellant contends that sentencing him to a lifetime registration under SORNA[4] is illegal because such punitive requirements exceed his statutorily mandated maximum aggregate sentence of 45 years.  Id. at 27-42.

Pennsylvania courts have examined the jurisprudence surrounding SVP determinations and the registration requirements under SORNA in two seminal decisions -- Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) and Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017).   In  Muniz, our Supreme Court held that SORNA's Subchapter H registration requirements constitute criminal punishment. Muniz, 164 A.3d at 1218. Accordingly, our Supreme Court held that retroactive application of SORNA's Subchapter H

_____

[4] The Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10–9799.41. "SORNA was enacted on December 20, 2011, and became effective on December 20, 2012. SORNA recently was amended on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018." Commonwealth v. Golson, 189 A.3d 994, 1003 (Pa. Super. 2018).  The Act was further amended on June 12, 2018, by H.B. 1952, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 29 of 2018.

requirements to defendants whose crimes occurred prior to SORNA's effective date (December 20, 2012) violated the ex post facto clause. Id. at 1218.

Thereafter,

in light of Muniz, this Court determined that "a factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him … likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact–finder." Butler, 173 A.3d at 1217 (internal quotations and citations omitted). The Butler Court further held "section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact–finder making the necessary factual findings beyond a reasonable doubt." Id. at 1218. The Court therefore concluded that trial courts no longer can designate convicted defendants as SVPs or hold SVP hearings "until our General Assembly enacts a constitutional designation mechanism." Id. The Butler Court directed trial courts to apply only the applicable tier–based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact–finder. The Court ultimately reversed the order finding the defendant to be an SVP and remanded to the trial court for the sole purpose of issuing appropriate notice of the defendant's tier–based registration period. Id.

Golson, 189 A.3d at 1002–1003.

In response to our Supreme Court's decision in Muniz and this Court's decision in Butler, as briefly mentioned above, the Pennsylvania General Assembly passed Acts 10 and 29 of 2018. The express purpose of both legislative enactments was to cure SORNA's constitutional defects. See 42 Pa.C.S.A. § 9799.51(b)(4) ("it is the intention of the General Assembly to address [Muniz and Butler].") Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of

committing offenses that occurred on or after SORNA's effective date, i.e., December 20, 2012. Our General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth the registration requirements that apply to all offenders convicted of committing offenses on or after Megan's Law I's effective date (April 22, 1996), but prior to SORNA's effective date.

Here, the trial court determined that Appellant was an SVP. Based upon Muniz and Butler, however, the trial court's designation of Appellant as an SVP pursuant to SORNA's Subsection H conflicted with the U.S. and Pennsylvania Constitutions by exposing Appellant to additional criminal penalties in the absence of a fact-finder making the required factual determinations beyond a reasonable doubt.[5] Thus, we are constrained to vacate the trial court's SVP designation of Appellant. Moreover, we are required to remand the matter to the trial court for the sole purpose of issuing appropriate notice of Appellant's tier–based registration period.

_____

[5] We note that, on July 31, 2018, the Pennsylvania Supreme Court granted a petition for allowance of appeal in Butler to address the following issue:

> Whether the Superior Court of Pennsylvania erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP") ] by extrapolating the decision in [Commonwealth v. Muniz, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

Commonwealth v. Butler, 2018 WL 3633945, at *1 (Pa. 2018).

This does not end our inquiry, however. We note that the Commonwealth alleged, and Appellant pled guilty to, criminal conduct that occurred between 2009 and 2015. Because SORNA was enacted in December 2012, Appellant's criminal conduct appears to have straddled SORNA's enactment date. Thus, on remand, a determination should be made as to when the crimes occurred for which Appellant pled guilty so as to determine which registration requirements apply. Moreover, on appeal, the Commonwealth argues that Act 10 remedied the issues presented in Muniz. Commonwealth's Brief at 8-9. Thus, on remand, the Commonwealth may argue that the trial court consider whether Act 10 and Act 29 (which amended Act 10) remedied the issues raised in Muniz. Further, the parties may argue which, if any, registration provision constitutionally applies to Appellant. The trial court shall then determine whether Act 10 or Act 29 remedied the issues raised in Muniz and, depending on resolution of that inquiry, which registration provision applies in this case.[6]

Finally, we reject Appellant's second argument that punitive lifetime registration requirements are illegal because such requisites exceed his maximum sentence of 45 years. This Court has recently rejected this precise argument. See Commonwealth v. Strafford, 2018 WL 3717081, at *3 (Pa. Super. 2018) (SORNA's registration requirements are authorized punitive

_____

[6] We note that the Supreme Court recently granted review, in its original jurisdiction, to determine the issue of whether Acts 10 and 29 are constitutional. See Commonwealth v. Lacombe, 35 MAP 2018 (Pa. 2018).

measures separate and apart from a defendant's term of incarceration, the legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration, and in fact, the legislature requires courts to impose registration requirements in excess of the maximum allowable term of incarceration).  As such, Appellant's second issue lacks merit.

Judgment of sentence vacated in part.  Case remanded for additional proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/5/2018